Filed 5/16/22

CERTIFIED FOR PUBLICATION

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Appellant, | G059966 |
| v. | (Super. Ct. No. 20HF0857) |
| MICHAEL DWAYNE WATKINS, JR., | O P I N I O N |
| Defendant and Respondent. | |

Appeal from an order of the Superior Court of Orange County, Steven D. Bromberg, Judge.  Affirmed.

Todd Spitzer, District Attorney, and Matthew O. Plunkett, Deputy District Attorney, for Plaintiff and Appellant.

Shay Dinata-Hanson, under appointment by the Court of Appeal, for Defendant and Respondent.

\*      \*      \*

The People filed a felony complaint in Orange County Superior Court charging respondent Michael Dwayne Watkins, Jr., and a codefendant, with second degree robbery and two counts of identity theft based on purchases they allegedly made at a Best Buy store in Los Angeles County. At Watkins's preliminary hearing, the People presented evidence that the victims' wallets had been stolen from parked cars in Orange County, and that later that day, two men had used the victims' credit cards at a Best Buy in West Covina to purchase laptop computers; a detective had identified Watkins as one of those men based on a still shot taken from Best Buy's surveillance video.

The magistrate refused to hold Watkins to answer, finding there was insufficient evidence to establish that Watkins had taken the wallets from the vehicles or committed any other relevant act in Orange County that would support venue in Orange County Superior Court. The People filed a motion to reinstate the complaint, asserting the magistrate had erroneously dismissed the complaint as a matter of law. The trial court denied the motion, and the People appeal that ruling.

We affirm. The People presented no evidence that Watkins was in any way involved in taking the wallets from the vehicles; venue in Orange County was therefore inappropriate.

**FACTS**

The following factual summary is based on testimony presented at Watkins's preliminary hearing.

On the morning of May 8, 2019, two friends parked their cars in a beach parking lot in Dana Point so they could go surfing. One of the men locked his vehicle and placed his car keys in the center console of the other's Lexus. The second man locked his vehicle and hid the keys inside its bumper. It is unclear from the record what time the two friends left their cars.

When the two men returned to their cars later that morning, they found their keys were where they had left them, but their wallets and cellphones were missing. They called the Orange County Sheriff's Department to report the burglary. An investigator arrived on the scene at about 12:15 p.m. to interview the victims. The investigator did not attempt to gather fingerprints from the car keys or vehicles, nor did he attempt to obtain video surveillance footage of the parking lot.

Later that afternoon, two men used the victims' credit cards to purchase laptops from a Best Buy in West Covina in Los Angeles County. The store's surveillance video footage showed the first man buying a laptop at 1:05 p.m. and the second man buying a laptop at 1:16 p.m. Best Buy's receipts and the banks' transaction records reflected the two transactions, each in the amount of $2,798.

An investigative assistant (IA) at the sheriff's department captured still shots from Best Buy's surveillance video and labeled the men as "suspect one" and "suspect two." Suspect one was later identified as Watkins's codefendant, Prentiss Bates. The IA determined from the still shot that suspect two was "a tall person," "maybe six feet," but she was unable to determine his weight or any other identifying features.

One week later, on May 15, one of the suspects returned to Best Buy and tried to purchase another laptop. The suspect was not apprehended, but Best Buy photographed him and his car's license plate number and sent those photographs to the sheriff's department. The IA recognized the individual as suspect one. She then ran the vehicle plate number and discovered the vehicle was a rental car from Enterprise.

The IA gave the plate number to a sheriff's investigator and asked him to find out who had rented the vehicle on May 15. For reasons that are unclear from the record, the investigator instead tracked down the name of the person who had rented the vehicle on *May 8*, the day of the laptop purchases. That person was Watkins.

3

The investigator surveilled an address in Los Angeles associated with Watkins and saw someone he believed was suspect two, based solely on his review of the still shot created from the May 8 Best Buy surveillance footage. The investigator was unable to determine from that still shot how tall suspect two was, how much he weighed, or whether he had any facial hair, piercings, scars, jewelry, or tattoos. The investigator also did not see the Enterprise rental vehicle or the stolen computers at Watkins's residence, and he did not try to determine whether Bates and Watkins knew each other. The investigator admitted he had no information suggesting Watkins was in Orange County on May 8.

The People filed a felony complaint against Bates and Watkins in Orange County Superior Court, charging them with committing second degree burglary at the Best Buy in Los Angeles County on May 8 (Pen. Code,[1] §§ 459-460, subd. (b); count 1),[2] and two counts of identity theft (§ 530.5, subd. (a); count 2 as to Watkins only against one victim, and count 3 as to both defendants against the second victim).[3] The complaint did not reference the alleged vehicle burglary in Orange County.

At Watkins's preliminary hearing, the People moved that Watkins be held to answer, and also moved to amend count 1 from a commercial burglary in Los Angeles

---

[1]     All further undesignated statutory references are to this code.

[2]     Specifically, count 1 alleged that "[o]n or about May 08, 2019, in violation of Sections 459-460(b) of the Penal Code (SECOND DEGREE BURGLARY), a FELONY, [Watkins and Bates] did unlawfully enter a store located at BEST BUY, with the intent to commit larceny."

[3]     Specifically, counts 2 and 3 each alleged that "[o]n or about May 08, 2019, in violation of Section 530.5(a) of the Penal Code (IDENTITY THEFT), a FELONY, [Watkins as to count 2 and Watkins and Bates as to count 3] did willfully and unlawfully obtain personal identifying information, as defined in Penal Code section 530.55(b), of [the victim], and did unlawfully use and attempt to use that information for an unlawful purpose, specifically TO OBTAIN CASH/ CREDIT OR GOODS, without the consent of [the victim]."

4

County to a vehicle burglary in Orange County. Defense counsel argued that the evidence "jurisdictionally doesn't meet the threshold and [Watkins] should be not held to answer."

After hearing argument, the magistrate declined to hold Watkins to answer, finding there was insufficient evidence that Watkins had taken the wallets from the vehicles in Orange County (as the magistrate put it, "the identity problem"), and further that the court lacked venue ("the jurisdictional problem").

In explaining her ruling, the magistrate acknowledged the provisions of section 781, which states that "'when a public offense is committed in part in one jurisdictional territory and in part in another jurisdictional territory, or the acts thereof constituting or requisite to the consummation of the offense occur in two or more jurisdictional territories, the jurisdiction for the offense is in any competent court within either jurisdictional territory.'" However, she reasoned that the evidence showed the crimes alleged in the complaint all occurred in Los Angeles County, and even if the prosecution amended count 1 to instead allege vehicle burglary in Orange County, there was no evidence tying Watkins to anything that occurred in Orange County—no fingerprints, no witnesses, or any other evidence.[4] Citing "insufficient evidence," the magistrate refused to hold Watkins to answer.

_____

[4] The magistrate explained: "I couldn't find one case that said that it is sufficient circumstantial evidence to be in recent possession of stolen property hours after [it was stolen] in another county." The crimes happened "several hours later in another county. We don't know if someone . . . offered for Mr. Watkins to buy [the laptops] or just gave [him] the [credit] card or a friend said . . . come on, I stole this card, you and I will go get laptops. That could have happened too without Mr. Watkins breaking into the vehicle. Right? [¶] So, even if [the People] were to amend [the complaint to allege vehicle burglary], that's the problem with count I. [¶] [And t]he identity theft occurred in L.A. County." "I have to have a connection of this defendant to that car theft in count I. [The People need to] show enough evidence for that, tying him to that car, prints, something or a statement, or an eyewitness. I don't have that to bind him over. So, it becomes a huge jurisdictional problem, but even more than that it's an identity problem." "[M]aybe L.A. County D.A.'s Office will be interested. [¶] I don't think I

The People moved to reinstate the complaint pursuant to section 871.5, which permits a trial court to reinstate an action if the magistrate erroneously dismissed it as a matter of law. In their moving papers, the People argued that venue lies in Orange County, not only under section 781, which applies when offenses are committed in multiple territories, but also under section 786, which governs venue in identity theft cases. At the hearing on that motion, the prosecution clarified it was not asking the court to revisit or rule on the motion to amend count 1; it was only seeking reinstatement of the complaint as originally drafted.

After hearing oral argument, the trial court denied the motion to reinstate the complaint, finding that count 1, as drafted, alleged a burglary of a Best Buy store, and there was no evidence such a burglary, or any preparatory act related to it, was committed by Watkins in Orange County. The People appeal that ruling.

**DISCUSSION**

The People argue the magistrate erred in refusing to hold Watkins to answer, and the trial court erred when it denied their motion to reinstate the complaint. Before turning to their arguments, we begin with an overview of the applicable standards governing preliminary hearings, holding a defendant to answer, venue, and motions to reinstate.

1.    *General Principles*

A magistrate judge's primary function at a felony preliminary hearing is to determine whether there is "sufficient cause" to believe the defendant is guilty of a public offense. (See §§ 871, 872, subd. (a).) "If, after hearing the proofs, it appears either that no public offense has been committed or that there is not sufficient cause to believe the defendant guilty of a public offense, the magistrate shall order the complaint dismissed

---

have jurisdiction. I don't think I have sufficient evidence at all on count I to tie this defendant to count I."

6

and the defendant to be discharged . . . ." (§ 871.) "'Sufficient cause' means "'reasonable and probable cause'" or 'a state of facts as would lead a [person] of ordinary caution or prudence to believe and conscientiously entertain a strong suspicion of the guilt of the accused.' [Citations.] It is 'a level of proof below that of proof beyond a reasonable doubt, or even proof by a preponderance of the evidence.' [Citation.] . . . [Citation.] 'A charge will not be dismissed for lack of probable cause "if there is some rational ground for assuming the possibility that an offense has been committed and the accused is guilty of it."'" (*People v. Abelino* (2021) 62 Cal.App.5th 563, 573 (*Abelino*).)

Alternatively, the magistrate may dismiss the complaint at the preliminary hearing if he or she determines there is insufficient evidentiary support to establish venue (or as some statutes put it, "jurisdictional territory")[5] in that court. (See *People v. Posey* (2004) 32 Cal.4th 193, 215 (*Posey*) [venue is a question of law to be determined by the trial court before trial]; *Simon, supra,* 25 Cal.4th at p. 1100 [defendant may challenge venue when the evidence at the preliminary hearing fails to support venue in the court in which the proceeding is to be tried].) Venue—that is, "the place or places appropriate for a defendant's trial" (*Posey*, at p. 207)—"is a 'procedural prerequisite[ ] for prosecution,' much like a 'valid preliminary hearing bindover' or a 'grand jury charge'" (*id.* at p. 208). Unlike a defendant's guilt, which requires proof beyond a reasonable doubt, the People must prove venue only by a preponderance of the evidence. (*Id.* at pp. 211, 218.) "Either direct or circumstantial evidence may suffice." (*People v. Clark* (2016) 63 Cal.4th 522, 554.) We discuss the relevant statutes on venue below.

_____

[5] "[A]lthough the applicable California statutes generally employ the terms 'jurisdiction' and 'jurisdictional territory' in designating the proper venue for the trial of a criminal proceeding," "'*venue is not jurisdictional in the fundamental sense*; and, both in civil and criminal cases, a change of venue from the superior court of one county to the same court in another county does not affect its jurisdiction over the subject matter of the cause.'" (*People v. Simon* (2001) 25 Cal.4th 1082, 1095-1096 (*Simon*).)

If the magistrate dismisses an action under section 871 at the preliminary hearing for failure of proof, the prosecutor may file a motion in the superior court to compel the magistrate to reinstate the complaint. (§ 871.5, subd. (a).) The trial court may grant such a motion only if it finds the magistrate erroneously dismissed the action as a matter of law. (*Id.*, subd. (b).) "[A] decision of the magistrate dismissing charges, absent findings of fact, is erroneous as a matter of law if the evidentiary record discloses a rational basis for believing the defendant guilty of the charged crime." (*People v. Slaughter* (1984) 35 Cal.3d 629, 642.)

The People may appeal an order denying a motion to reinstate the complaint. (§ 871.5, subd. (f).) "On appeal following a superior court's order denying a motion to reinstate a complaint under section 871.5, we disregard the superior court's ruling and examine only the magistrate's ruling." (*Abelino*, *supra*, 62 Cal.App.5th at p. 574.)

In reviewing that ruling, "[t]he character of our review depends on whether the magistrate has exercised the power to render findings of fact. [Citation.] If the magistrate ma[de] factual findings, those findings are conclusive if supported by substantial evidence. [Citation.] 'If he [or she] has not rendered findings, however, the reviewing court cannot assume that he [or she] has resolved factual disputes or passed upon the credibility of witnesses. A dismissal unsupported by findings therefore receives the independent scrutiny appropriate for review of questions of law.'" (*Abelino*, *supra*, 62 Cal.App.5th at p. 574.)

Determining whether the magistrate made a factual finding, which would be reviewed for substantial evidence, as opposed to a legal conclusion which would be reviewed de novo, is not always clear-cut: the "'distinction between a factual finding and a legal conclusion is clear enough in the abstract but has posed some difficulty in its practical implementation.'" (*Abelino*, *supra*, 62 Cal.App.5th at p. 575.) Where "[t]here is no showing that the magistrate disbelieved or disregarded any of the People's

8

evidence," where "the evidence was largely undisputed," and where "the magistrate accepted the proffered evidence, but determined there was insufficient evidentiary support for a finding that defendants committed [the crime charged]," the magistrate made a legal conclusion. (*Id.*, at p. 577.) A dismissal based on lack of venue is also based on a legal conclusion, and thus subject to de novo review. (See *Posey*, *supra*, 32 Cal.4th at p. 215 [venue is a question of law to be determined by the trial court].)

2.    *Analysis*

In this case, the evidence at Watkins's preliminary hearing was largely undisputed; the magistrate accepted the proffered evidence but determined it was insufficient to establish venue in Orange County. Accordingly, our review of the magistrate's ruling is de novo.

Our analysis begins with whether the evidence provided a rational basis for believing Watkins was guilty. (*Abelino*, *supra*, 62 Cal.App.5th at p. 574.) In this case, the Best Buy surveillance footage showed a person, whom an investigator later identified as Watkins, buying a laptop at Best Buy. That footage and the investigator's identification, coupled with the banks' records, Best Buy's receipts, and the victims' reports, could rationally suggest that Watkins used the victims' credit cards without permission to make unauthorized purchases at Best Buy.

Our analysis does not end there, however, since the magistrate determined there was insufficient evidence to establish venue in Orange County. Accordingly, we must determine whether the People demonstrated there was a factual basis for venue in Orange County, either with direct or circumstantial evidence, by a preponderance of the evidence.

Generally speaking, venue in criminal cases lies in the county where the crimes were allegedly committed, which in this case would be Los Angeles County. (§ 777.) There are statutory exceptions to this general rule, however. One such exception is section 786, subdivision (b)(1), which provides that in identity theft cases,

9

venue is proper in "the county where the theft of the personal identifying information occurred," among other places. Another such exception is section 781, which states that when the "acts or effects . . . requisite to the consummation of the offense occur in two or more jurisdictional territories, the jurisdiction for the offense is in any competent court within either jurisdictional territory." Courts liberally construe section 781 to confer venue in any county where preparatory acts or effects occurred, even if those preparatory acts or effects are not an essential element of the crime. (*Posey*, *supra*, 32 Cal.4th at pp. 218-219 [collecting examples]; *People v. Price* (1991) 1 Cal.4th 324, 385.)

The People argue venue is proper in Orange County under both of those statutes because the theft of personal identifying information (the victims' credit cards) occurred here (see § 786, subd. (b)(1)), and because acts preparatory to the alleged crimes in Best Buy (i.e., the vehicle burglaries) occurred here (see § 781). We are not persuaded.

As the magistrate correctly noted, the People presented no evidence at Watkins's preliminary hearing that it was Watkins who committed the vehicle burglaries on May 8, 2019, much less that Watkins was even present in Orange County that day. At most, the evidence suggested that Watkins used the victims' credit cards to purchase laptops in Los Angeles County later that day. That fact alone is not enough to link Watkins to the thefts of the wallets from the cars in Dana Point earlier that morning.

The People contend that Watkins's possession of both victims' credit cards some hours after the wallets were stolen, coupled with his illicit use of those credit cards to make two purchases at Best Buy, give rise to a "reasonable inference" that it was Watkins who stole the wallets out of the vehicles in Orange County. (See, e.g., *People v. Jackson* (1970) 14 Cal.App.3d 57, 63 ["unexplained possession of stolen property . . . could lead a reasonable person to entertain a strong suspicion that the possessor either stole it or received it with knowledge of its stolen character"].)

10

Although this argument has some visceral appeal, it is unsupported by the limited record before us. As noted above, the People presented no evidence that Watkins was in Orange County on May 8, much less that he was involved in the vehicle burglaries. The record does not disclose what time the wallets and credit cards were stolen from the vehicles. Accordingly, it cannot be rationally inferred that Watkins played any role in stealing the victims' personal identifying information in Orange County (see § 786), or that he engaged in any preparatory acts in Orange County (see § 781).

In an apparent effort to sidestep that failure of proof, the People argue there is no requirement in section 786, subdivision (b)(1), that the individual charged with identity theft must also be the thief of the personal identifying information. (See § 786, subd. (b)(1) ["The jurisdiction of a criminal action for unauthorized use, retention, or transfer of personal identifying information, as defined in subdivision (b) of Section 530.55, shall also include the county where the theft of the personal identifying information occurred"].) However, the People provide no applicable case authority to support that argument; given the facts, we decline to read the statute that broadly. In the absence of any evidence that Watson participated in any way in the theft of the credit cards from the vehicles in Orange County or that he shared the thief's intent at the time the thefts occurred, section 786, subdivision (b)(1), cannot reasonably be read to create venue here.

For these reasons, we conclude the prosecution failed to prove facts supporting venue in Orange County by a preponderance of the evidence. Accordingly, the magistrate did not err as a matter of law in refusing to hold Watkins to answer, and the trial court properly denied the People's motion to reinstate the complaint.

11

## DISPOSITION

The order denying the People's motion to reinstate the complaint is affirmed.


GOETHALS, J.

WE CONCUR:


O'LEARY, P. J.


MARKS, J.*


  * Judge of the Orange County Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.